[Docket No. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDWIN ACOSTA AND MARC RIOS,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA COSTA, MARCELO LIMA, L&G CONSTRUCTION CORP. *a/k/a* L&G CONSTRUCTION II CORPORATION<br><br>Defendants. | Civ. No. 23-21557 (RMB-AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon a Motion to Set Aside an Entry of Default filed by Defendants Marcelo Lima ("Lima") and L&G Construction Corp. ("L&G"). [Docket No. 8]. For the reasons set forth below, the Motion will be **ADMINISTRATIVELY TERMINATED**. Defendants are **ORDERED** to **AMEND** their proposed answer to set forth a meritorious defense more clearly. The parties are further **ORDERED** to show cause as to why the Court should not transfer this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

I. BACKGROUND

This action was filed on October 27, 2023 and arises out of a motor vehicle accident that allegedly occurred on June 18, 2023 on Roosevelt Boulevard, at its intersection with Adams Avenue, in Philadelphia, Pennsylvania. [Compl. ¶ 17.]

Defendants did not appear or answer the Complaint. Following months of inactivity, Plaintiffs requested Clerk's Entries of Default as to Defendants Patricia Costa and Lima which were granted. [Docket Nos. 5–6.] Plaintiffs filed a Motion for Default Judgment against Defendant Costa on January 12, 2024. [Docket No. 7.] Four days later, Defendants L&G and Lima appeared and moved to set aside the entry of default against Defendant Lima. [Docket No. 8.][1] Defendant Costa has still not appeared.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause ..." While judgments based on default are not favored, the decision whether to set aside an entry of default under Rule 55(c) is left to the discretion of the district court. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984). "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." *Id.* (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)). In making a decision, the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's

---

[1] Although L&G has also moved to set aside the default, Plaintiffs never requested a Clerk's entry of default against L&G. Nor has one been granted. Accordingly, the Court only considers whether the entry of default should be set aside as to Defendant Lima.

2

culpable conduct." *Gold Kist, Inc., v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985). The Court will address each of these factors in turn.

### III. DISCUSSION

#### A. Prejudice to Plaintiffs

Plaintiffs would not be prejudiced by the Court setting aside the Clerk's entry of default as to Defendant Lima. This action is still in its preliminary stages, and Defendant Lima has already proposed a responsive pleading, appearing prepared to litigate this matter on the merits. [*See* Docket No. 8 ¶ 12 (Affidavit of Counsel); *see also* Docket No. 8-2 (proposed Answer).] So far, Plaintiffs have filed and affected service of the Complaint, requested Clerk's Entries of Default against Defendant Costa and Lima, and filed a Motion for Default Judgment against only Defendant Costa. "While setting aside the entry of default would undue Plaintiff[s]' minimal efforts so far, in this Court's view, such result would not constitute prejudice to Plaintiff." *Nyholm v. Pryce*, 259 F.R.D. 101, 105 (D.N.J. 2009).

#### B. Meritorious Defense

The second factor, whether the defendant has established a meritorious defense, is a "threshold question" because without it, the defendant could not win at trial and, thus, "there would be no point in setting aside the default." *$55,518.05*, 728 F.2d at 195. A meritorious defense is shown "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer*, 189 F.2d at 244; then citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Defendants must point

to "specific facts" in their answer beyond "simple denials or conclusionary statements" for the Court to determine whether a defense exists. *Id.*

Defendants Lima and L&G submit in an Affidavit of Counsel that neither were "the owners of the subject vehicle involved in the accident-at-issue." [*See* Docket No. 8 ¶ 10.] This would be a meritorious defense sufficient to warrant a set-aside of the entry of default because if Defendants Lima and L&G were not the owners of the vehicle involved in the accident-at-issue, they would owe no duty to Plaintiffs and therefore, there would be no liability against them. But that defense appears nowhere on the face of the proposed answer. As explained above, a meritorious defense sufficient to set aside an entry of default is shown "when *allegations of defendant's answer*, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (emphasis added) (citations omitted). The Court will administratively terminate the set-aside motion and allow Defendants fourteen days (14) to supplement their proposed answer with their meritorious defense based on specific facts beyond simple denials or conclusory statements. *See Nyholm*, 259 at 106.

Because the matter of whether a defendant has a meritorious defense is a "threshold question" in ruling on a motion to vacate a default judgment and the Court has found that Defendant has not established that it has a meritorious defense, the Court need not reach the remaining two factors. *55,518.05 in U.S. Currency*, 728 F.2d at 195. Nonetheless, as the Third Circuit has urged district courts to make explicit findings concerning these factors when considering a motion to vacate a

default judgment, the Court will do so. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

### C.   Culpable Conduct

Finally, the Court considers whether the entry of the default judgment was the result of any culpable conduct by Defendants. The Third Circuit has held that "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). The *Hritz* court cautioned, however, that:

> [T]he words 'willfulness' and 'bad faith' are not talismanic incantations which alone resolve the issue on appeal. These are simply terms to guide the district court by expressing this Court's preference for avoiding default judgments where the circumstances do not justify such a result. The entry of default judgment may be as proper in a case where these terms never appear as it is improper where the terms are invoked in support of arbitrary procedural adjudication.

*Id*. at 1182–83. Accordingly, "as a threshold matter to establish culpability, more than mere negligence [must] be demonstrated." *Id*. at 1183. "[A]cts intentionally designed to avoid compliance with court notices," as well as "[r]eckless disregard for repeated communications from plaintiffs and the court," may demonstrate culpability. *Hritz*, 732 F.2d at 1183.

Here, Defendants L&G and Lima aver that counsel was not assigned by their insurance carrier until after the entry of default on December 26, 2023. [*See* Docket No. 8 ¶ 11.] The Court cannot conclude that Defendants L&G and Lima were anything more than negligent in that regard and accordingly, finds this factor to weigh in favor of setting aside the default.

5

## IV. TRANSFER UNDER 28 U.S.C. § 1404(a)

District courts retain discretion to transfer a case "for the convenience of parties and witnesses, in the interest of justice," pursuant to 28 U.S.C. § 1404(a). *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973*)*; *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (internal citations omitted) ("A determination that transfer to another jurisdiction is appropriate represents an exercise ... of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another."). Reviewing the allegations in the Complaint, the Court believes it would be appropriate to consider whether transferring this case (if it ultimately sets aside the default entered against Defendant Lima) to the Eastern District of Pennsylvania would be in the interests of justice given that the alleged car accident occurred in Philadelphia. The parties are directed to submit briefing addressing why the Court should not transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), with analysis of the public and private interest factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). Accordingly:

**IT IS** this **29th** day of **January 2024**, hereby:

1. **ORDERED** that the Motion to Set Aside the Entry of Default, filed by Defendants Lima and L&G is **ADMINISTRATIVELY TERMINATED**;

6

2. **ORDERED** that, within fourteen (14) days, Defendants supplement the proposed answer, [Docket No. 8-2], setting forth specific facts sufficient to establish a meritorious defense; and it is finally

3. **ORDERED** that, within fourteen (14) days, the parties shall submit briefing (not to exceed 10 pages double-spaced) addressing why this Court should not transfer the case to the Eastern District of Pennsylvania, with analysis of the public and private interest factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

<u>s/Renée Marie Bumb</u>  
Renée Marie Bumb  
Chief District Judge