[Docket No. 8]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| EDWIN ACOSTA AND MARC RIOS, | |
| Plaintiffs, | Civ. No. 23-21557 (RMB-AMD) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| PATRICIA COSTA, MARCELO LIMA, L&G CONSTRUCTION CORP. *a/k/a* L&G CONSTRUCTION II CORPORATION | |
| Defendants. | |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon its January 29, 2024 Memorandum Opinion and Order to Show Cause, [Docket No. 9 ("Mem. Op. and Order")], directing Defendants Marcelo Lima ("**Lima**") and L&G Construction Corp. ("**L&G**") to supplement their proposed answer setting forth specific facts sufficient to establish a meritorious defense to vacate an entry of default against Lima.[1] Additionally, the Court ordered the parties address why this Court should not transfer the case to the Eastern District of Pennsylvania, with analysis of the public and private interest factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). [Mem. Op. and Order at 6.]

---

[1] Although L&G has moved to set aside the default with Lima, Plaintiffs only obtained an entry of default against Lima.

Plaintiffs submit that transfer is inappropriate under *Jumara* because (i) New Jersey is a more convenient venue for Defendants who all reside in New Jersey; (ii) although Pennsylvania has an interest adjudicating a local controversy, that interest is tempered due to the inherent transitory nature of motor vehicle accidents; and (iii) this Court has familiarity with applying Pennsylvania law. [Docket No. 13 at 2–3.] Lima and L&G argue that transfer to the Eastern District of Pennsylvania is appropriate under *Jumara* because (i) the accident occurred in Philadelphia; (ii) Plaintiffs are citizens of Pennsylvania; (iii) all relevant evidence including medical records and witnesses would be located in Pennsylvania; (iv) Pennsylvania has an interest in adjudicating a local controversy that occurred within its borders and which involves Pennsylvania residents as Plaintiffs; (v) Pennsylvania law applies; and (vi) the only connection to New Jersey is the domicile of the Defendants. [*See* Docket No. 16.]

For the following reasons, the Court will vacate the entry of default and transfer this case to the United States District Court for the Eastern District of Pennsylvania.

I.  **THE DEFAULT IS SET ASIDE AS TO DEFENDANTS LIMA AND L&G**

The Court is now satisfied that Lima and L&G can establish a meritorious defense appearing on the face of their proposed amended answer sufficient to set aside the default entered against them. [*See* Docket No. 16.] They aver in the proposed amended answer that they were not the owners of the subject vehicle involved in the accident. [*Id.*, Affirmative Defenses ¶ 1.] As the Court previously explained, this is a meritorious defense because if Lima and L&G were not the owners of the vehicle

involved in the accident-at-issue, they would owe no duty to Plaintiffs and therefore, there would be no liability against them. [*See* Mem. Op. and Order at 4.] That meritorious defense now appearing on the face of the proposed amended answer, and the remainder of default judgment factors weighing in favor of setting aside the entry of default, as the Court explained in its prior Memorandum Opinion and Order, [*see id*. at 3, 5], the Court will set aside the entry of default. *See Gold Kist, Inc., v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985); *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir. 1984) (meritorious defense sufficient to set aside default when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action") (internal references omitted). The Court notes that Defendant Patricia Costa has still not yet appeared and there is an entry of default entered against her. [Docket No. 5 and Clerk's Entry of Default as to Patricia Costa.] Plaintiffs' Motion for Default Judgment against Defendant Costa remains pending. [*See* Docket No. 7.]

## II.   THE COURT WILL TRANSFER THIS CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. § 1404(a), district courts retain discretion to transfer a case "for the convenience of parties and witnesses, in the interest of justice." *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973*); Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (internal citations omitted) ("A determination that transfer to another jurisdiction is appropriate represents an exercise ... of structured discretion by trial judges appraising the practical inconveniences posed

to the litigants and the court should a particular action be litigated in one forum rather than another."). In *Jumara*, the Third Circuit instructed courts to focus on the three private interest enumerated factors in § 1404(a) (*i.e.*, convenience of parties, convenience of witnesses, or interests of justice) as well as public interest factors to determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 55 F.3d at 879 (quoting 15 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE JURISDICTION AND RELATED MATTERS § 3847 (2d ed. 1986)). This Court will address those factors in turn.

### A. Private Interest Factors

As described in *Jumara*, the Court must consider the following private interest factors when determining whether transfer is appropriate:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

55 F.3d at 879.

Here, the most important private interest to consider is the third one—whether the claim arose elsewhere. *Perilstein v. Deloitte & Touche LLP*, 2022 WL 3101970, at *2 (D.N.J. Aug. 4, 2022). As alleged, the accident occurred in Philadelphia, Pennsylvania on Roosevelt Boulevard, at its intersection with Adams Avenue. [Docket No. 1 ¶ 17.] It did not occur in New Jersey. This factor thus weighs strongly in favor of transfer.

4

As to the first and second factors—the parties' preferred fora—the Court notes that while a plaintiff's choice of forum is generally "a paramount consideration" to transfer determinations, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed," *Jumara*, 55 F.3d at 879, a plaintiff's choice of forum is accorded less weight when the selected forum is not the plaintiff's home forum, *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001). Here, Plaintiffs, both Pennsylvania citizens, brought suit in New Jersey only because Defendants were all New Jersey citizens. Plaintiffs argue that New Jersey is a more convenient forum for the Defendants since they are all New Jersey citizens, but Lima and L&G disclaim the convenience of New Jersey as a forum and submit that the Eastern District of Pennsylvania is a more appropriate forum. [Docket No. 13 ¶ 12; Docket No. 16 ¶ 26.] Defendants' indifference to the forum cuts against Plaintiffs' selected forum. Additionally, Plaintiffs' choice of forum warrants even less deference because, as noted above, the operative facts are most directly connected to Pennsylvania rather than New Jersey. *See, e.g., Goldstein v. MGM Grand Hotel & Casino*, 2015 WL 9918414 (D.N.J. Nov. 5, 2015) ("[T]he plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227–28 (D.N.J. 1996)). These factors weigh in favor of transfer.

5

As for the fourth factor—essentially, the ease with which the parties can access the transferee forum—the Court finds that the parties can access either forum with relative ease. This factor is neutral.

The same is true for the fifth and sixth factors since there is no indication that any witnesses may be unavailable for trial in either forum or that any books and records could not be produced in either forum. Even so, relevant witnesses, medical records, and other evidence are slightly more likely to be located and produced in Pennsylvania where the accident occurred. [*See* Docket No. 16 ¶ 18; *Bakali v. Jones*, 2017 WL 3877854, at *1 (D.N.J. Sept. 5, 2017) (transfer appropriate where responding police, emergency medical personnel, rescue agency, and coroner were all located in Pennsylvania and the three eyewitnesses to motor vehicle accident all resided in Pennsylvania).

Therefore, the Court finds that the private interest factors favor transferring this case to the Eastern District of Pennsylvania.

### B. Public Interest Factors

*Jumara* defines the public interest factors as:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

55 F.3d at 879–80 (citations omitted).

The first factor—the enforceability of the judgment—is neutral because Plaintiff is unlikely to encounter difficulty enforcing any judgment against Defendants, whether in Pennsylvania or New Jersey.

The second factor—the practical considerations—favors transferring this matter to the Eastern District of Pennsylvania given that the issues in this case arose out of a motor vehicle accident that occurred in Philadelphia, Pennsylvania. It is more practical for the matter to be tried in Pennsylvania, since it is anticipated that the relevant evidence and witnesses would most likely be located in Pennsylvania. *See Bakali*, 2017 WL 3877854, at *1.

The third factor—the administrative considerations—is neutral. Both courts would be able to accommodate a trial.

The fourth factor—the public policies of the fora—cuts in favor of transferring the case. This Court's interest in this matter is minor; its only connection is that the Defendants reside in New Jersey. Conversely, because the accident occurred in Philadelphia, this would be a more "local" controversy in the Eastern District of Pennsylvania. Therefore, a Pennsylvania court would have a stronger interest in adjudicating the dispute.

Finally, the fifth factor—the Court's familiarity with the applicable law—favors transferring this case. While federal district courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, Pennsylvania courts are more familiar with applying Pennsylvania tort law. The Eastern District of Pennsylvania is thus better suited to apply the relevant law in this instance.

Therefore, the Court concludes that the public interest factors also favor transferring this case to the Eastern District of Pennsylvania.

### III. CONCLUSION

For the reasons expressed herein, the Court finds that the private and public interest factors weigh in favor of transfer. Therefore, the Court will transfer this matter to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). Accordingly,

**IT IS** this **14th** day of **March 2024**, hereby:

1. **ORDERED** that the Motion to Set Aside the Entry of Default, filed by Defendants Lima and L&G, [Docket No. 8], is **RE-OPENED** and the Motion **GRANTED**;

2. **ORDERED** that the Clerk's Entry of Default as to Defendant Lima is **VACATED**; and it is finally

3. **ORDERED** that the Clerk of Court transfer this case to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb
Renée Marie Bumb
Chief District Judge
